UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06-CV-00228-H

**DANIEL COBBLE**                                                                            **PLAINTIFF**

v.

**IRV MAZE, ET AL.**                                                                  **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff, Daniel Cobble, filed this *pro se* civil action against Irv Maze, the Jefferson County Attorney, and Robert White, Chief of the Louisville Metro Police Department, along with an application to proceed *in forma pauperis*, which the Court will grant by separate order.

Accordingly, the Court will now review Plaintiff's case in accordance with 28 U.S.C. § 1915(e). Because the complaint fails to state any claim upon which relief may be granted, it will be dismissed with prejudice and all remaining pending motions (DNs 4 & 5) dismissed as moot.

**I. SUMMARY OF CLAIMS**

On February 15, 2006, Plaintiff placed an order with Value City Furniture to purchase a new living room suite. The order included a sofa, cocktail table, and end table. On April 20, 2006, Plaintiff's furniture was delivered to his home. During the delivery, Plaintiff noted defects in each of the three pieces, including scratches, marks, and worn places. Over the course of the next several days, the Cobble family noticed other defects with their furniture and came to the conclusion that Value City Furniture had delivered "used" furniture.

On April 28, 2006, Plaintiff filed a criminal complaint against Value City Furniture with the Jefferson County Attorney's Office. "However, Plaintiff was informed promptly by [a] form

letter from the [County Attorney's Office] that since Plaintiff has civil remedies available, no criminal prosecution would take place." Plaintiff alleges that the Defendants have violated his First and Fourteenth Amendment rights and 18 U.S.C. § 242[1] by "not initiating a criminal investigation when Cobble provided a complaint and evidence that a crime has been committed against him."

## II. ANALYSIS

Upon initial review, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, a court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

For a claim under 42 U.S.C. § 1983, a plaintiff must "identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of

---

[1] 18 U.S.C. § 242 is a criminal statute that does not provide for private causes of action. *See United States v. Oguaju*, 76 Fed. App'x 579, 581 (6th Cir. 2003). In later filings with this Court, Plaintiff appears to be proceeding under 42 U.S.C. § 1983, the civil analogue to 18 U.S.C. § 242. As such, for the purposes of its initial review the Court assumes that Plaintiff is proceeding under 42 U.S.C. § 1983.

state law." *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001) (quoting *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992)) (quotations omitted). The entire basis of Plaintiff's claim is that Defendants violated his constitutional rights: "by not initiating a criminal investigation when Cobble provided a complaint and evidence that a crime has been committed against him." However, "[i]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). "The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right." *Smallwood v. McDonald*, 805 F.2d 1036 (6th Cir. 1986) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam)); *Nelson v. Detroit Police Dep't*, 798 F.2d 470 (6th Cir. 1986). As further explained by the Sixth Circuit:

> It is true that law enforcement officials can be liable for their inaction when they fail to perform a statutorily imposed duty to enforce the law equally and fairly. *Smith v. Ross*, 482 F.2d 33, 36 (6th Cir. 1973). However, a failure to adequately investigate an incident does not state a claim unless the defendants violate a specific constitutional right of the plaintiff. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Here [the plaintiff] merely requested an investigation by the FBI, and he alleges that the response was inadequate. On these facts, the district court was correct to conclude that he had failed to state a claim.

*Buerger v. Smith*, 779 F.2d 49 (6th Cir. 1985).

Here too, Plaintiff's complaint is simply that Defendants did not properly investigate and prosecute his complaint. As such, it does not state any cognizable constitutional violation and the Court must dismiss it for failure to state a claim upon which relief can be granted. *See Marks v. City of Warren*, No. 98-74903, 1999 U.S. Dist. LEXIS 17990 (E.D. Mich. Oct. 29, 1999) ("The Plaintiff does not have a life, liberty, or property interest in having the Warren Police Department write down her complaint against another citizen.").

3

Also pending before the Court are Defendants' Rule 12(b)(6) motion (DN 5) and Plaintiff's motion for a preliminary injunction (DN 4). Because the Court has concluded on initial review that the complaint must be dismissed in its entirety for failure to state a claim, these motions are now moot and will be denied accordingly.

The Court will enter an order consistent with this memorandum opinion.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record

4412.008